# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION,** as receiver of **INTEGRITY BANK,**<br><br>                     **Petitioner,**<br><br>v.<br><br>**COLEMAN DRIVE ASSOCIATES, LLC and PATRICK LEONARD,**<br><br>                     **Respondents.** | 1:09-cv-3076-WSD |

## OPINION AND ORDER

This matter is before the Court on Respondents' Coleman Drive Associates, LLC and Patrick Leonard's (collectively, "Respondents") Motion for Recusal [24] and Motion to Correct Transcript [26]. Respondents contend that the Court has made statements indicating a bias or prejudice and that, pursuant to 28 U.S.C. § 144, recusal is mandated.

## I.    BACKGROUND

Petitioner Federal Deposit Insurance Corporation ("Petitioner" or "FDIC") filed this action, pursuant to O.C.G.A. § 44-14-161, to confirm a foreclosure sale of real property known as Lots 2-15 of Cochran Farms Subdivision in Roswell,

Fulton County, Georgia.[1]  Petitioner contends the foreclosure sale was conducted under a power of sale provision contained in a Deed to Secure Debt, Assignment of Rents and Security Agreement dated October 20, 2005, that Respondent Coleman Drive Associates, LLC executed and delivered to Integrity Bank.  The FDIC is the receiver of Integrity Bank.  Respondent Patrick Leonard is a guarantor of the underlying debt.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1348 because this is a civil action to wind up the affairs of a national banking association.

A foreclosure confirmation hearing was scheduled for November 24, 2009. Respondents moved for a continuance, arguing they needed time to conduct discovery concerning how Petitioner made its determination of the market value of the secured property and to retain their own expert appraiser.  On November 24, 2009, the Court conducted a status conference with the parties to determine the

---

[1] Georgia Code Section 44-14-161(a) provides: "[w]hen any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon."

Section (b) provides: "[t]he court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale."

extent of and time for discovery in this action. The foreclosure confirmation hearing was rescheduled for December 30, 2009.

On December 22, 2009, Respondents advised the Court that another continuance would be required because their expert appraiser was being treated for cancer. On December 30, after another status hearing, the Court again rescheduled the confirmation hearing, setting it for January 15, 2010.

Respondents move the Court to recuse itself, arguing that, during the two status hearings, the Court made "numerous statements indicating a bias or prejudice" against Respondents.

## II. DISCUSSION

Respondents claim that recusal is appropriate pursuant to 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Respondents contend that the Court is not called upon to determine the truth of their allegations of bias, but merely to determine whether a timely and sufficient affidavit has been filed, along with a good faith certificate from counsel. If so, Respondents represent, recusal is mandated.

To the extent Respondents argue that once they file an affidavit alleging bias and a certificate stating their motion is made in good faith, recusal is mandatory, Respondents misstate the law. The Court must determine whether the affidavit is legally sufficient, that is, whether material facts have been alleged which, if true, would convince a reasonable person that bias exists and that the bias is personal, as opposed to judicial, in nature. United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979), reh'g denied 612 F.2d 579, cert. denied, 445 U.S. 965 (1980). It is within the discretion of the trial judge to determine the legal sufficiency of the affidavit supporting the motion for disqualification. Holmes v. NBC/GE, 925 F. Supp. 198, 201 (S.D.N.Y. 1996). The Court is obligated not to recuse itself when the facts alleged do not give fair support to the charge of prejudgment. United States v. Diorio, 451 F.2d 21, 24 (2nd Cir. 1971), cert. denied, 405 U.S. 955 (1972).

As evidence of alleged bias and prejudice, Respondents point to the following comments the Court made during the status conferences held on November 24 and December 30, 2009:

1) "I think ultimately what is going to happen is that there is going to be a deficiency between the amount that's owed and the sale of the property, and I guess as a guarantor, you, Mr. Leonard, are on tap for that."

2) "Yeah, but doesn't the [foreclosure] sale presumptively create the fair market value? I mean, if there is no – if the public sale is to say anybody

who wants this – especially in times like this, you know, who knows what the fair market value is because real estate prices are so depressed . . . But, the whole purpose of the public sale provision is there – that creates the market."

3) "Integrity [Bank] made a lot of these loans, which is the reason why it failed."

4) "I understand comparables, and I understand this market, because I have dealt with the same market you did except I was doing criminal investigation of savings and loans that had failed."[2]

5) "And to the extent that everybody is touting the increase in home sales, nobody ever tells you whether or not those homes are being bought out of foreclosure or whether they are distress sales. Yeah, there are probably a lot of homes being sold or at least an increase in homes being sold, but I bet if you really drilled down at those numbers, you would find that a lot of people are disappointed in the values, and people are getting depressed prices."

6) "Appraisers always differ on value . . . MAI, made as instructed."[3]

None of these "allegations" show any bias or prejudice and clearly are

legally insufficient to support the Court's recusal. Nothing here indicates any

---

[2] Mr. Leonard also states in his Affidavit that the Court "relied on extra-judicial information to pre-determine the outcome of the case and the fair market value of the property, including [the Court's] experience as an investor in a community bank in Alpharetta [Georgia]." Leonard Aff. ¶ 6. The record reveals that the Court did not "pre-determine" any fair market value and that no evidence of such has even been presented. That the Court observed that it once invested in a community bank and has some familiarity with how investments work is not a legally sufficient basis for the Court to recuse itself from this or any other action.

[3] In this Opinion, the Court evaluates the comments as quoted by Respondents, but notes that reading them in context shows further that they were made in managing and understanding the issues presented in this case.

personal bias in favor of one of the parties or indicates in any way that the Court is unable to remain impartial in this action. These comments reveal nothing more than the Court's desire to determine the contours of the legal questions at issue and focus on what discovery is needed and appropriate. By objecting to these comments, Respondents seem to suggest that the Court is to remain practically mute, never pressing for clarification of points of law or questions of fact. Judges are not, and helpfully lawyers would not seek to have them be, automatons, relegated to accepting counsel's statements and arguments at face value.

Allegations that a judge has a prior opinion on a legal question do not show bias or prejudice that justify disqualification. Brotherhood of Locomotive Firemen and Enginemen v. Bangor, 380 F.2d 570, 577 (D.C. Cir. 1967), cert. denied, 389 U.S. 327. *A fortiori*, a judge's expression of a *tentative* opinion on the law does not justify recusal. Hall v. Burkett, 391 F. Supp. 237, 242 (W.D. Okla. 1975).[4] Allegations that a judge, during a status conference, criticized party's actions or made comments concerning matters bearing on the merits of an action, and which do not show a disposition toward any party, are also insufficient. Fong v. American Airlines, Inc., 431 F. Supp. 1334 (N.D. Cal. 1977). Finally, a judge's

---

[4] The Court here noted the existence of a property value set by the foreclosure sale, and will consider what the law requires when determining the value of the property in this case.

remarks during judicial proceedings which are critical or disapproving, or even hostile to parties or counsel, are not ordinarily sufficient to challenge a judge's partiality unless the comments reveal an inability to make a fair judgment. In re Medrano Diaz, 182 B.R. 654, 660 (Bankr. D. Puerto Rico 1995).

To the extent Respondents believe the Court did not fully appreciate the role an expert appraiser might play in this action or the weight, if any, that is to be accorded to the value set at a public action, their counsel is surely capable, during hearings or in his briefs, of directing the Court's attention to the relevant case law. No reasonable person can conclude from the allegations Respondents present that the Court is incapable of rendering a fair judgment in this action. In fact, when counsel for Respondents noted a public sale did not presumptively establish a fair market value, the Court acknowledged it would be informed by the law that applied and would follow it.

Mr. Leonard contends that the Court encouraged him not to litigate this foreclosure confirmation proceeding, evidencing a bias that Respondents would not or should not prevail. Leonard Aff. ¶ 9. Mr. Leonard also contends that the Court accused Respondents of attempting to delay the process and questioned the

veracity of Respondents' counsel.[5]  Id. at ¶ 11.  Leonard claims this "taints" his case.  Id.

While determining the appropriate scope of discovery permitted in this action, the Court indeed encouraged Mr. Leonard to consider the costs involved in litigating this action, and asked the parties for their estimate of the amount in controversy.  The Court's effort to structure this action economically, and without delay, is appropriate and a responsibility of the Court.  It did not indicate a prejudice or inability to render impartial judgment.  Fong, 431 F. Supp. at 1339 (judicial intervention "frequently helps to avoid the expense of litigation, thereby serving the purpose of the Federal Rules of Civil Procedure to secure, the just, speedy, and inexpensive determination of every action").  The Court's comments to counsel, questioning whether he was providing a complete picture of the circumstances causing delay, also do not justify recusal.  See Souder v. Owens-Corning Fiberglass Corp., 939 F.2d 647, 653 (8th Cir. 1991) (claim of bias insufficient, absent evidence that court's antipathy toward counsel affected its ruling).  The goal here was to manage the case effectively and efficiently.

---

[5] The Court observes that Respondents filed a motion to correct the transcript of the December 30, 2009, hearing.  "Respondents inadvertently represented that it did not receive documents from Petitioner for weeks after the November 24, 2009 Status Conference. . . . While it did take over three weeks to receive all of the documents, Petitioner did provide documents to Respondents within a few days of the Conference."  The Court grants Respondents' motion to correct the record.

8

The Court necessarily concludes that the allegations in Respondents' affidavit supporting their motion for recusal are legally insufficient. 28 U.S.C. § 144. Respondents' motion is required to be denied.

Petitioner moves the Court to sanction Respondents for filing an unsupported and legally insufficient motion for recusal, contending the motion was filed solely for the purposes of delay. Filing a motion for recusal in order to delay litigation is improper, and the Court has a duty to prevent such abuse of the process. <u>United States v. Birrell</u>, 276 F. Supp. 798, 809 (S.D.N.Y. 1967). The Court, however, will reserve its ruling on whether to consider Petitioner's motion for sanctions, and if so, according to what procedure, until this litigation concludes.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondents Coleman Drive Associates, LLC and Patrick Leonard's Motion for Recusal [24] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Correct Transcript [26] is **GRANTED**. Respondents' motion, filed on the docket, will serve to correct Respondent's counsel's misstatements on the record during the December 30, 2009, hearing.

**SO ORDERED** this 14th day of January, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE